[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 417.]

CLEVELAND BAR ASSOCIATION *v.* YOUNG.

[Cite as *Cleveland Bar Assn. v. Young*, 2001-Ohio-201.]

*Attorneys at law—Misconduct—Permanent disbarment—Continued and pervasive neglect of clients' interests—Neglect or refusal to assist in or testify at disciplinary investigation or hearing.*

(No. 01-370—Submitted April 2, 2001—Decided July 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-68.

_____

*Per Curiam.*

{¶ 1} On August 14, 2000, relator, Cleveland Bar Association, filed a complaint charging respondent, Leonard Young of Cleveland, Ohio, Attorney Registration No. 0023715, with several violations of the Code of Professional Conduct based on respondent's continued and pervasive neglect of his clients' interests. Although service was made at respondent's last known address, respondent did not file an answer. The relator then filed a motion for default, which was referred by the Board of Commissioners on Grievances and Discipline ("board") to Master Commissioner Harry W. White.

{¶ 2} Based upon the affidavits attached to the complaint, the master commissioner found that in October 1998, respondent had resigned as executor of the estate of Effie Jones but had failed to turn over the funds of the estate to the successor fiduciary. The Cuyahoga County Probate Court discovered that respondent had withdrawn $8,606.96 from the estate and retained possession of various items of personal property. It found respondent guilty of concealment of assets and rendered a judgment against respondent in the amount of $12,756.97.

**{¶ 3}** The commissioner also found that after respondent had been removed as administrator of the estate of Helen Howard, the successor fiduciary discovered a cash shortage of $11,204.04, representing money respondent had withdrawn and paid to himself. The court entered judgment against respondent for $13,441.14, which included expenses and legal fees.

**{¶ 4}** Also, after the Cuyahoga County Probate Court removed respondent as guardian of Ralph White, an incompetent, for failure to file accounts, it entered judgment against respondent for $36,650 for unauthorized cash withdrawals from White's estate.

**{¶ 5}** The commissioner also found that having been employed by Katherine Nelson in 1996 to file an accident claim against the transit authority, respondent took no action and failed to respond to her inquiries. Nor did respondent take any action to probate the estate of Nelson's mother after Nelson paid him $200. Nelson has since been advised that the statute of limitations has expired on her accident claim. Although he received a retainer of $750 from Farris Blount to probate the estate of his sister, respondent took no action. Nor did respondent deposit into the sister's account or return to Blount a check for $4,925.64. Also, respondent failed to sell a vehicle for Blount after Blount engaged him to do so and gave him title to the truck.

**{¶ 6}** Clyde Davis retained respondent to obtain reimbursement for his medical bills resulting from an automobile accident. Davis gave respondent the bills and the records and thereafter could not contact him. Respondent also failed to file a bankruptcy for Michael Payton after being paid $660 for that purpose, and after receiving $2,500 from Payton, he failed to incorporate and manage a business for him.

**{¶ 7}** The master commissioner noted that respondent had refused to answer or communicate with relator with respect to its investigation of these grievances. The commissioner concluded that respondent's conduct violated DR 6-101(A)(3)

(a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's ability to practice law [cited as 1-102(A)(4)]), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 9-102(B)(4) and (5) (*sic*) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). For his continued deceitful conduct and disregard for client matters, the master commissioner recommended that respondent be permanently disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 8} The record in this case reveals respondent's callous indifference to his clients' interests and to the standards of professional ethics required of a member of the bar. We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Douglas N. Barr* and *Jennifer A. Lesny Fleming,* for relator.

————————————